IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


ROBERT MICHAEL RODRIQUEZ,

        Petitioner,

v.                                      CIV 01-1303 MV/KBM

ERASMO BRAVO, Warden, and,
PATRICIA A. MADRID, Attorney General
for the State of New Mexico

        Respondents.


## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This matter is before the Court on Respondents' Answer, *Doc. 10,* and Motion to

Dismiss, *Doc. 11.* Petitioner has not responded to the motion apparently because Defendants

mailed a copy of the motion to Petitioner's old address.[1] Nevertheless, I find that no response is

required because the request to dismiss the cause of action is not well taken.

Petitioner Rodriquez[2] commenced this action by filing the standard form this Court uses

for habeas petitions under 28 U.S.C. § 2254. He challenges a disciplinary action proceeding

where he lost 150 days in good time credits and was transferred to a higher security prison. Over

the course of three claims, Rodriquez alleges violations of due process because the disciplinary

---

[1] A change of address for Petitioner was filed on December 7, 2001 but it does not reflect that Petitioner also served the change of address on opposing counsel as required by the rules. Unless otherwise notified by Petitioner, Defendants are directed to serve all further pleadings on Rodriquez at 602 Weinrich Rd. Space #9, Las Cruces, New Mexico 88005.

[2] The documents throughout this case alternatively spell Petitioner's last name as Rodriguez (with a "g") or Rodriquez (with a "q").

hearing officer refused to question a defense witness and three disciplinary procedures were not followed (placement in prehearing detention without paperwork, no provision of legal assistance and non-receipt of the disciplinary decision until nine days after the hearing). *Doc. 1.*

In pursuing state habeas remedies after the disciplinary proceeding, Petitioner sought reinstatement of good-time credits, placement in a lower custody level, prosecution of alleged conspirators and damages. *Answer,* Exh. A. In his petition for certiorari to the New Mexico Supreme Court, Petitioner sought to have the decision declared null and void and his good-time credits restored. *Id.,* Exh. F.

Here, as in his petition for certiorari, Petitioner omits any mention of damages,[3] and only complains of the forfeiture of good-time credits and resulting higher security classification. Respondents are technically correct that such challenges to disciplinary proceedings are not cognizable under § 2254 and seek dismissal of the petition with prejudice on that basis.

Nevertheless, a federal habeas remedy *is* the proper course for challenges to prison disciplinary proceedings, but § 2241 constitutes the appropriate statute. This Court must construe *pro se* pleadings liberally, and a *pro se* litigant's characterization of his claim is not binding. Because the Court may simply construe the § 2254 petition as one arising under § 2241, outright dismissal of the petition is unwarranted. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam) (*pro se* pleadings must be liberally construed); *Roman-Nose v. N. M. Dept. of*

---

[3] An action for damages would be under 42 U.S.C. § 1983, not federal habeas statutes. *See Edwards v. Balisok,* 520 U.S. 641, 646 (1997). Moreover, such a damages action by a prisoner is not cognizable where "'a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence,' unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated." *Balisok*, 520 U.S. at 643 (quoting *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).

*Human Servs.,* 967 F. 2d 435, 437 (10th Cir. 1992) (*pro se* characterization not conclusive);

*Benjamin v. Snider,* 242 F.3d 387, 2000 WL 1801612 at n.1 (10th Cir. 2000) (unpublished).[4]

Wherefore,

**IT IS HEREBY RECOMMENDED** that the petition be construed as arising under 28

U.S.C. § 2241 and that Respondents' Motion to Dismiss (*Doc. 11)* be denied.

**IT IS FURTHER RECOMMENDED** that the Court direct Respondents to address the

effect, if any, of Plaintiff's release from custody on the continued viability of this action and

otherwise respond to the merits of the claims.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the ten day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES MAGISTRATE JUDGE

---

[4]  The relevant discussion in the unpublished *Benjamin* opinion follows:

The district court treated Benjamin's petition as falling under 28 U.S.C. § 2254. However, under our precedent a petition for writ of habeas corpus filed by a state prisoner challenging the execution of his sentence, rather than the validity of the sentence itself, is properly construed as falling under 28 U.S.C. § 2241, and we do so here. *See Montez v. McKinna,* 208 F.3d 862, 864-65 (10th Cir. 2000) (construing a habeas petition under § 2241 despite the district court's treatment of the petition under § 2254).