IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


ROBERT MICHAEL RODRIQUEZ,

        Petitioner,

v.                                      CIV 01-1303 MV/KBM

ERASMO BRAVO, Warden and
PATRICIA A. MADRID, Attorney General
for the State of New Mexico,

        Respondents.


## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

On January 30, 2002, I entered proposed findings recommending that the petition, which challenges a disciplinary proceeding leading to loss of good time and transfer to a higher security prison, be construed as arising under 28 U.S.C. § 2241. Noting Petitioner filed a change of address that indicates he is no longer incarcerated, I ordered Respondents to answer and address the effect of release on the continued viability of this matter. *See Doc. 12.* They did so and on February 8, 2002, served their response by mail to the address Petitioner provided to the court. *See Doc. 14.*

Release from prison will moot this action unless Petitioner identifies a nonspeculative future consequence that will result from the disciplinary proceeding. *See Johnson v. Riveland,* 855 F.2d 1477, 1481-82 & n.2 (10th Cir. 1988); *Vandenberg v. Rodgers,* 810 F.2d 377, 378 (10th Cir. 1988); *see also Sule v. Florence,* 1998 WL 10240 (10ht Cir. 1998) (unpublished) (petitioner identified and panel held "the *Heck* rule requiring a successful attack on the underlying

disciplinary sanction before pursuing a damages claim constitutes a collateral consequence within the meaning of the mootness doctrine"). As of the date of this recommendation Petitioner has not responded to Respondents' latest pleading and his petition does not identify any such consequence.

In state court proceedings, Rodriquez complained that his state petition was dismissed "without having given Petitioner an opportunity to traverse the state's ordered response." *Doc. 10,* Exh. F at 1. Petitioner's knowledge of habeas proceeding pleadings, Respondents' service of their latest pleading to his new address, and Petitioner's lack of response to-date suggest Petitioner has abandoned this suit. The Court has the inherent power to impose a variety of sanctions on litigants in order to, among other things, regulate its docket and promote judicial efficiency. *Martinez v. Internal Revenue Service*, 744 F.2d 71, 73 (10th Cir. 1984). One such sanction within the discretion of the Court is to dismiss an action for want of prosecution. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962) *see also* FED. R. CIV. P. 41(b).

Wherefore,

**IT IS HEREBY RECOMMENDED** that this action be dismissed without prejudice as moot unless Petitioner identifies a collateral consequence in his objections.

**IT IS FURTHER ORDERED** that given the posture of this recommendation, Petitioner (and Respondents) be given an extension to April 5, 2002 to file objections.

> **THE PARTIES ARE FURTHER NOTIFIED THAT BY April 5, 2002** they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court by that date if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES MAGISTRATE JUDGE